## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOUIS D. CRAFT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-1052-R |
| | ) | |
| CORRECTIONAL OFFICER NULL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered February 21, 2013 [Doc. No. 36] and Plaintiff's Objection to the Supplemental Report and Recommendation filed March 12, 2013 [Doc. No. 43]. The Magistrate Judge recommended that the motion to dismiss of Defendants Hilligoss, Choate, Boone, Sebenick, Null and Middleton be granted and Plaintiff's action against those Defendants be dismissed without prejudice for failure to exhaust administrative remedies. Based on Plaintiff's failure to exhaust, to state a claim on which relief can be granted and the futility of amendment, the Magistrate Judge also recommended that Plaintiff's cause of action against Defendants Orr and Taylor be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The basis of Plaintiff's objection is that he properly appealed the issues of whether his grievance was an emergency and whether the issue he raised was a grievable one.

First, since Plaintiff apparently discovered the glass in his food before ingesting it, his grievance did not present an "emergency grievance" as defined in ODOC Policy OP-090124. In any event, however, Plaintiff misreads section VIII.B of that policy wherein it states as follows:

> Upon receipt of a grievance marked "emergency" or "sensitive," the reviewing authority will have 24 hours to determine if it is in fact an emergency or sensitive grievance. If so, an expedited review will be conducted and a response provided to the offender within 48 hours of receipt, excluding weekends and holidays. The offender may appeal that response as provided for in Section VII. of this procedure. The administrative review authority or chief medical officer will provide an expedited response to all verified emergency or sensitive grievances within 72 hours of receipt of the grievance appeal, excluding weekends and holidays.

ODOC Policy No. OP-010124 at VIII.B
at p. 13 (Exhibit "1" to Doc. No. 29)

All of the language of that paragraph following "if so" pertains only when the initial reviewing authority has determined that the grievance is in fact an emergency or sensitive grievance.  In this case that did not occur.  The initial reviewing authority determined that the grievance was *not* an emergency grievance (and not an issue grievable to ODOC). Plaintiff's recourse or next step following that determination was not an appeal of that determination but the submittal of a standard grievance framed differently in terms of the relief he sought.  As explained by the Magistrate Judge, at each step in the process Plaintiff failed to resubmit his grievance in order to cure the procedural defects identified.  *See* Supplemental Report and Recommendation at p. 10 ("Plaintiff simply refused to resubmit the grievances that were returned to him unanswered by the prison's grievance coordinator and the ARA for procedural defects.") Finally, even if Plaintiff's initial grievance *was* an

emergency grievance of a grievable issue (which it was not), and Plaintiff could appeal the determination that his grievance was not an emergency and did not raise a grievable issue, when Plaintiff was advised by the ARA that he had not satisfied ODOC's policy regarding the submission of grievances/grievance appeals by an inmate on grievance restrictions, Plaintiff did not resubmit his grievance appeal by submitting a third grievance appeal with the proper documentation.  Thus, Plaintiff did not exhaust his administrative remedies.

In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge [Doc. No. 36] is ADOPTED in its entirety, the motion to dismiss of Defendants Hilligoss, Choate, Boone, Sebenick, Null and Middleton [Doc. No. 29] is GRANTED and Plaintiff's action against those Defendants is DISMISSED without prejudice and Plaintiff's cause of action against Defendants Orr and Taylor is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(b)(2)(B) for failure to exhaust administrative remedies and for failure to state a claim on which relief can be granted.  Plaintiff's motion for a preliminary injunction [Doc. No. 37], motion for summary judgment [Doc. No. 38], motion for an order compelling discovery [Doc. No. 39] and motion for an extension of time to serve process [Doc. No. 44] are, therefore, DENIED as moot.

IT IS SO ORDERED this 13th day of March, 2013.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE